NO. 07-05-0457-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

JUNE 11, 2007
_____

DARREL WAYNE HURST, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE
_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 3881; HONORABLE RON ENNS, JUDGE
_____

Before QUINN, C.J., and CAMPBELL and PIRTLE, JJ.

**MEMORANDUM OPINION**

Appellant Darrel Wayne Hurst appeals his conviction of sexual assault and accompanying probated sentence of two years incarceration. We will affirm.

In his brief on appeal, appellant asks us to determine whether the evidence was legally and factually sufficient to support the jury's verdict on count four in which it found that appellant, on or about May 1, 2004, "intentionally or knowingly cause[d] the penetration of the mouth of [complainant], a child who was then and there younger than 17 years of age and not the spouse of defendant, by defendant's sexual organ."

When deciding whether evidence is legally sufficient to support a conviction, a reviewing court must assess all the evidence in the light most favorable to the verdict to determine whether any rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex.Crim.App. 2005). When conducting a factual sufficiency review, we review the evidence in a neutral light. *Watson v. State*, 204 S.W.3d 404, 414 (Tex.Crim.App. 2006); *Zuniga v. State*, 144 S.W.3d 477, 484 (Tex.Crim.App. 2004). However, we must be deferential to the jury's findings and resist intruding on the fact finder's role as the sole judge of the weight and credibility of the evidence. *Johnson v. State*, 23 S.W.3d 1, 7 (Tex.Crim.App. 2000). When considering factual sufficiency of the evidence, we must address the most important evidence that the appellant contends undermines the jury's verdict. *Sims v. State*, 99 S.W.3d 600, 603 (Tex.Crim.App. 2003).

Appellant supplied a statement to the police which was later admitted at trial. According to the statement, the complainant initiated their sexual relationship. In pertinent part, appellant's statement provides:

> [The complainant] played with my penis and performed oral sex on me until I ejaculated . . . . After a day or so, [the complainant] performed oral sex on me again while we were in bed. [The complainant] performed oral sex on me six or eight times before it became intercourse . . . . After a week later, [the complainant] was performing oral sex on me . . . . Me and [the complainant] had sexual intercourse. . . . Me and [the complainant] probably had sexual intercourse three times. I put a final stop to this around May 2004. At the time of the sex with [the complainant] she [was] 14 years old.

The complainant also testified at trial. She indicated her date of birth was March 18, 1990 and that her sexual relationship with appellant started in the fall of 2003 when she was 13 years old. The complainant turned 14 in March of 2004. She stated her sexual relationship with appellant ended by the beginning of May 2004. The complainant affirmed that appellant penetrated her mouth with his sexual organ when she was 13 years old and indicated it happened more than once.

Appellant points out the jury acquitted him of an aggravated sexual assault charge presented in count two, which alleged oral penetration of the complainant by appellant's sexual organ occurring on or about February 15, 2004. He argues the record does not confirm the appellant's penetration of the complainant's mouth occurred when she was 14 years old, but only when she was 13 years old. He emphasizes the complainant's testimony that the acts of oral sex occurred when she was 13. Appellant further contends his statement also should be read to say that all the acts of oral sex occurred before the complainant's fourteenth birthday. We disagree with this latter contention. Considering appellant's statement as a whole, the jury rationally could have taken appellant's statement he "put a final stop to this around May 2004" included both the oral sex and sexual intercourse. Further, the jury also rationally could have considered the term "sex" in the next sentence of appellant's statement to include both acts.

Appellant characterizes his acquittal on count two as a flat rejection by the jury of the complainant's testimony that acts of oral sex occurred between the two while she was 13. The jury may have been uncertain whether the acts of oral sex occurred when the

3

complainant was 13 or 14 years of age.[1]  But appellant's argument does not explain how the acquittal on the more serious charge renders the evidence insufficient on count four, which, recall, required the jury to find that appellant, on or about May 1, 2004, "intentionally or knowingly cause[d] the penetration of the mouth of [complainant], a child who was then and there *younger than 17 years of age* and not the spouse of defendant, by defendant's sexual organ."  (emphasis added).

We find that based on appellant's statement and the testimony of the victim, a rational trier of fact could have reasonably found beyond a reasonable doubt that appellant penetrated the mouth of the complainant with his sexual organ when she was younger than 17 years of age.  *Poindexter*, 153 S.W.3d at 405; *Zuniga*, 144 S.W.3d at 484.  We therefore conclude the evidence is legally and factually sufficient to support the conviction, overrule appellant's issues, and affirm the judgment of the trial court.


James T. Campbell
Justice


Do not publish.

---

[1] The jury also acquitted appellant of the charge under count one, which alleged appellant committed aggravated sexual assault by vaginal penetration of the complainant by appellant's sexual organ occurring on or about September 1, 2003, but found appellant guilty of sexual assault under count three, alleging vaginal penetration of the complainant occurring on or about April 15, 2004.  Appellant concedes his statement to the police supports the verdict of guilty on count three, and no appellate issue is raised on appeal regarding that count.